## HUMPHREYS *v.* HINDS COUNTY AGRICULTURAL, ETC., JUNIOR COLLEGE.

(In Banc. Nov. 9, 1936.)

[170 So. 530. No. 32555½.]

(1)

H. Chalmers Alexander, of Jackson, for appellant.

4

5

6

**H. V. Watkins** and **Ralph B. Avery,** both of Jackson, for appellee.

10

12

**Ethridge, J.**, delivered the opinion of the court.

The Hinds County Agricultural High School-Junior College was duly created by the local authorities; the territorial limit of the taxing power to support said school is confined to Hinds county, and the funded indebtedness of Hinds county does not exceed the ten per cent. provided for in chapter 48, Laws of Mississippi 1935, Extraordinary Session, when the proposed loan is added to the total funded indebtedness. The Board of Trustees of Hinds county passed a resolution to accept a loan from the government, complying, in all respects, with the law in making application therefor, and certified its resolution to the Board of Supervisors of Hinds County. The Board of Supervisors duly considered this resolution and passed the necessary orders to comply with chapter 48, Laws of Mississippi 1935, Extraordinary Session, and with the requirements of the Federal Government; approved said proceedings, and certified same to the State Bond Attorney for his opinion. The State Bond Attorney certified that the notes were, in all respects, lawful, and that the law had been complied with in the proceedings, and the bonds were valid. The proceedings were then sent to the chancery court of Hinds county, notice was served to all persons to show cause, on a given date, why the bonds should not be validated, as provided by law.

L. R. Humphreys filed objections thereto upon the same grounds relied on in the case of Wyatt v. Harrison-Stone-Jackson Agricultural High School-Junior College (Miss.), 170 So. 526, this day decided, and the two cases presented the same questions. with the exception that the Hinds County Agricultural High School-Junior College is confined to the territorial limits of Hinds county, while the other is composed of two or more counties.

The case at bar is controlled by the principles announced in the case of Wyatt v. Harrison-Stone-Jackson Agricultural High School-Junior College, supra, and the judgment of the chancery court of Hinds county must be affirmed.

Affirmed.